UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **TYLER DESOUZA,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**AEROCARE HOLDINGS LLC,**<br><br>**Defendant.** | Civil Case No.: 22-cv-1047<br><br>Declaration of Christie K. Reed Regarding Settlement Notice Program |

I, Christie K. Reed, declare as follows:

1. My name is Christie K. Reed. I have personal knowledge of the matters set forth herein.

2. I am a Vice President of Legal Notification Services at KCC Class Action Services, LLC ("KCC"), a firm that specializes in comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class action settlements. With more than 30 years of industry experience, KCC has developed efficient, secure and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing and disbursement

requirements of these matters to ensure the orderly and fair treatment of class members and all parties in interest. KCC has been retained to administer more than 7,000 class actions and distributed settlement payments totaling well over a trillion in assets.

3. The purpose of this declaration is to describe KCC's experience, as well as the notice program ("Notice Plan") proposed here for the settlement in *DeSouza v. Aerocare Holdings LLC; AdaptHealth Corp.*, Case No. 22-cv-1047.

## KCC BACKGROUND AND EXPERIENCE

4. KCC has administered class action administrations for such defendants as HP-Compaq, LensCrafters, United Parcel Service, Ford, Mitsubishi, Nissan, Whirlpool, ATI Video Cards, and Twentieth Century Fox.

5. Further, KCC has administered notice plans in a wide range of Telephone Consumer Protection Act ("TCPA") class actions, including *Abante Rooter and Plumbing v. Alarm.com, Inc.*, No. 15-cv-06314 (N.D. Cal.); *Abante Rooter and Plumbing v. Oh Insurance Agency*, No. 1:15-cv-09025 (N.D. Ill.); *Abdeljalil v. GE Capital Retail Bank*, No. 12-cv-02078 (S.D. Cal.); *Adams v. AllianceOne Receivables Management, Inc.*, No. 08-cv-00248 (S.D. Cal.); *Allard v. SCI Direct, Inc. d/b/a Neptune Society*, No. 17-cv-04692 (N.D. Ill.); *Allen v. JPMorgan Chase Bank*, No. 13-cv-08285 (N.D. Ill.); *Bayat v. Bank of the West*, No. 13-cv-2376 (N.D. Cal.); *Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12-cv-04069 (N.D. Ill.); *Biringer v. First Family Insurance, Inc.*, No. 14-cv-566

(N.D. Fla.); *Boise v. ACE American Insurance Co.*, No. 15-cv-21264, (S.D. Fla.); *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS (N.D. Cal.); *Charvat v. AEP Energy*, No. 14-cv-3121 (N.D. Ill.); *Coffman v. Glide Talk, Ltd.*, No. 13-cv-05190 (N.D. Ill.); *Connor v. JPMorgan*, No. 10-cv-01284 (S.D. Cal.); *Couser v. Comenity Bank*, No. 12-cv-02484 (N.D. Cal.); *Couser v. Dish One Satellite, LLC*, No. 15-cv-02218 (C.D. Cal.); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-cv-4462 (N.D. Ill.); *Crossley v. Joya Communications, Inc.*, No. 16CH14771, (Circuit Court of Cook County, Ill.); *Cummings v. Sallie Mae, Inc.*, No. 12-cv-9984 (N.D. Ill.); *Davenport v. Discover*, No. 15-cv-06052 (N.D. Ill.); *Etzkorn v. 3 Day Blinds*, No. 17-cv-02836 (E.D. Mo.); *Griffith v. ContextMedia, Inc.*, No. 16-cv-02900 (N.D. Ill.); *Grannan v. Alliant Law Group, P.C.*, No. 10-cv-02803 (N.D. Cal.); *Guarisma v. Blue Cross Blue Shield of Florida*, No. 13-cv-21016 (S.D. Fla.); *Hageman v. AT&T Mobility LLC*, No. 13-cv-50 (D. Mont.); *Hetherington v. Omaha Steaks*, No. 13-cv-2152 (D. Ore.); *Horn v. iCan Benefit Group LLC*, No. 17-cv-81027 (S.D. Fla.); *In re Life Time Fitness*, MDL No. 2564 (D. Minn.); *In Re Midland Credit Management, Inc. TCPA Litigation*, No. 11-md-2286 (S.D. Cal.); *In Re: Monitronics International, Inc. TCPA Litigation*, No. 13-md-2493 (N.D. W.Va.); *In re: Portfolio Recovery Associates, LLC TCPA Litigation*, No. 11-md-02295 (S.D. Cal.); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-02424-SDM-JSS (M.D. Fla.); *Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393 (S.D. Fla.); *Jonsson v. USCB, Inc.*, No. 13-cv-8166 (C.D. Cal.);

*Kolinek v. Walgreen Co.*, No. 13-cv-04806 (N.D. Ill.); *Lee v. Global Tel Link Corporation*, No. 15-cv-02495, (C.D. Cal.); *Lees v. Anthem Ins. Cos., Inc.*, No. 13-cv-01411 (E.D. Mo.); *Leung v. XPO Settlement*, No. 15-cv-03877 (N.D. Ill.); *Luster v. Duncan Solutions*, No. 14-cv-00112 (N.D. Ga.); *Luster v. Wells Fargo*, No. 15-cv-01058 (N.D. Ga.); *Martin v. Global Marketing Research Services, Inc.*, No. 14-cv-1290 (M.D. Fla.); *Martinez v. Medicredit, Inc.*, No. 17-cv-02809 (E.D. Mo.); *Medina v. Enhanced Recovery Company LLC d/b/a ERC*, No. 15-cv-14342 (S.D. Fla.); *Melito v. American Eagle Outfitters*, No. 14-cv-02440 (S.D.N.Y.); *Mey v. Patriot Payment Group*, No. 15-cv-00027 (N.D. W.Va.); *Newman v. AmeriCredit*, No. 11-cv-3041 (S.D. Cal.); *Olsen v. ContextLogic Inc.*, No. 2019CH06737 (Circuit Court of Cook County, Ill.); *Prater v. Medicredit, Inc.*, No. 14-cv-00159 (E.D. Mo.); *Prater v. Medicredit, Inc.*, No. 14-cv-00159 (E.D. Mo.); *Prather v. Wells Fargo*, No. 15-cv-04231 (M.D. Ga.); *R. Fellen, Inc. v. Rehabcare Group, Inc.*, No. 14-cv-0208 (E.D. Cal.); *Reginald Moore v. Family Dollar Stores, Inc.*, No. 14- cv-01542 (E.D. Mo.); *Rinky Dink Inc. v. World Business Lenders LLC*, No. 14-cv-00268 (W.D. Wash.); *Schwyhart v. AmSher Collection Services*, No. 15-cv-01175 (N.D. Ala.); *Sherman v. Kaiser Foundation Health Plan, Inc.*, No. 13-cv-00981 (S.D. Cal.); *Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-cv-11532-GCS-RSW (E.D. Mich.); *Shestopal v. Follett Higher Education Group Inc.*, No. 15-cv-8980 (N.D. Ill.); *Slovin v. Sunrun, Inc.*, No. 4:15-cv-05340 (N.D. Cal.); *Steinfeld v. Discover*

*Financial Services*, No. 12-cv-01118 (N.D. Cal.); *Wannemacher v. Carrington Mortgage Servs.*, No. 12-cv-02016 (C.D. Cal.); *West v. California Service Bureau, Inc.*, No. 16-cv-03124 (N.D. Cal.); and *Willis v. iHeartMedia, Inc.*, No. 2016CH02455 (Circuit Court of Cook County, Ill.).

## NOTICE PLAN DETAILS

### Class Definition

6.  The Notice Plan is designed to provide notice to the following Settlement Class: since November 23, 2018, all persons to whose telephone number the AdaptHealth Parties initiated, or had initiated on their behalf, more than one text message in a 12-month period for the purpose of inviting the recipient to order CPAP supplies, after the recipient had replied "stop" or its equivalent to one of the AdaptHealth Parties' text messages ("Settlement Class Members").

### Individual Notice

7.  Defendants will provide KCC with a list of names and postal and, if possible, email addresses for all Settlement Class Members (the "Class List").

8.  KCC will email the Summary Notice to all Settlement Class Members for whom an email address is provided on the Class List. The notice content will be included in the body of the email, rather than as an attachment, to avoid spam filters and improve deliverability. The email will contain a link

to the settlement website. The email delivery will be attempted three times to maximize the probability that a Settlement Class Member will receive it.

9. A Double Postcard Summary Notice with a Detachable Claim Form and pre-paid return postage will be mailed to all Settlement Class Members identified in the Class List.

10. Prior to mailing, the addresses will be checked against the National Change of Address (NCOA)[1] database maintained by the United States Postal Service (USPS); certified via the Coding Accuracy Support System (CASS);[2] and verified through Delivery Point Validation (DPV).[3]

11. Notices returned by USPS as undeliverable will be re-mailed to any address available through postal service forwarding order information. For any returned mailing that does not contain an expired forwarding order with a new address indicated, KCC will conduct further address searches using credit and other public source databases to attempt to locate new addresses and will re-mail these notices, if applicable.

---

[1] The NCOA database contains records of all permanent change of address submissions received by the United States Postal Service ("USPS") for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[2] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[3] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

## *Response Mechanisms*

12. KCC will establish and maintain a case-specific website to allow Settlement Class Members to obtain additional information and documents about the settlement and litigation. Settlement Class Members will also be able to view, download, and/or print the Class Action Settlement Agreement and Release, Claim Form, Website Notice, and other relevant case filings. Settlement Class Members will also be able to submit a Claim Form online using the unique identifier provided in the individual notice or by entering a telephone number that matches an entry on the Class List.

13. KCC will also establish and host a case-specific toll-free number to allow Settlement Class Members to call to learn more about the case in the form of frequently asked questions and answers. It will also allow Settlement Class Members to request to have additional information mailed to them.

14. KCC will create and maintain a case-specific P.O. Box address to receive opt-out requests and other correspondence. KCC will process all opt-outs in accordance with the Class Action Settlement Agreement and Release.

## *Conclusion*

15. In my opinion, the Notice Plan proposed for this case is consistent with other effective settlement notice programs. It is the best notice practicable and meets the requirements of due process as found in *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). It provides the same

reach and frequency evidence that courts have approved and that has withstood appellate scrutiny, other expert critiques, as well as collateral review. The Notice Plan and notice documents are consistent with the guidelines set forth in Federal Rule of Civil Procedure 23, the *Manual for Complex Litigation, Fourth*, and the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 6th day of April, 2023, at Lakewood, CA.

_____
Christie Reed